## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

RICHARD OSBORNE and JEROME SAMMON,

Plaintiffs,

v.

ARLYN GRUSSING, JIM BROWN, ROSS NELSON, and MELISSA BOKMAN, in their individual and official capacities,

Defendants.

Civil No. 05-224 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

Stephen L. Smith, **LAW FIRM OF STEPHEN L. SMITH, PLLC**, 10 South Fifth Street, Suite 700, Minneapolis, MN 55402, for plaintiffs.

Paul D. Reuvers, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants.

Plaintiffs Richard Osborne ("Osborne") and Jerome Sammon ("Sammon") bring this lawsuit against defendants Rice County officials Arlyn Grussing, Jim Brown, Ross Nelson, and Melissa Bokman, in their individual and official capacities (collectively, "the County"), claiming that the County unlawfully retaliated against them for exercising their First Amendment rights. The parties have filed cross motions for summary judgment. For the following reasons, the Court grants defendants' motion for summary judgment.

**BACKGROUND**

Osborne and Sammon live in Rice County, Minnesota.  Their homes are located on the shore of Circle Lake in Faribault, Minnesota.  In 2003, Osborne and Sammon began criticizing a developer's plans to build homes on an island in Circle Lake (the "Anderson development"), believing that the development would not comply with environmental regulations.  Osborne and Sammon mounted a campaign to stop the development:  they organized a citizen group, wrote letters to public officials and to newspapers, and requested the County, along with other entities, including the Minnesota Department of Natural Resources and the Army Corps of Engineers, to enforce the regulations and to stop the project.  Despite their requests, Osborne and Sammon felt that the County was not enforcing the regulations against the developer, and publicly criticized the County for the perceived lack of enforcement.  Nevertheless, their campaign was ultimately successful, as the developer abandoned the project.

In July 2004, the County informed Osborne and Sammon that it was investigating their properties for compliance with environmental regulations.  Both Osborne and Sammon had made modifications to their portion of lakeshore in previous years.  Specifically, Osborne had installed boulders or "rip-rap," and Sammon had installed a retaining wall.

In October 2004, Osborne and Sammon attended a County hearing on the modifications they had made.  The defendants were also in attendance.  At this hearing, Osborne and Sammon were informed that their modifications were not in compliance

with applicable environmental regulations regarding shoreline erosion, and were given the opportunity to apply for "after-the-fact" permits for the modifications.  One of the requirements for an after-the-fact permit would be a certification by an engineer that the modifications were necessary to prevent erosion.  Osborne and Sammon were also told that if they do not receive permits, they would be required to remove the modifications and plant natural vegetation in accordance with environmental regulations.  Osborne and Sammon would have to bear the costs associated with the permit application, including an assessment by an engineer, and they would also have to bear the costs associated with removing the modifications if they did not receive the permits.

Osborne and Sammon felt that they were being unfairly singled out for enforcement in retaliation for their opposition to the Anderson development, and made statements at the hearing to that effect.  In particular, Osborne brought photographs of his neighbors' properties, showing that they had made similar modifications to the lakeshore, but the County had not investigated them.  Defendants responded by telling Osborne and Sammon that, in accordance with County policy, they had only been investigated in response to complaints that had been filed with the County.[1]  Osborne was asked if he would like the County to treat the photographs of his neighbors' properties as formal complaints, and Osborne said that he would.  Further, defendants also told Osborne and Sammon that other homeowners on Rice County lakes who had made similar modifications to lakeshore had been similarly treated.  Discovery in connection with the

---

[1] The County stated, and plaintiffs do not dispute, that the reason was because the County lacks the resources to independently investigate all homeowners in Rice County.

lawsuit subsequently revealed that the developer whose project they had opposed had filed the complaints.

The County has commenced investigation of the properties depicted in the photographs Osborne brought to the October hearing.  Those investigations, as well as Osborne's and Sammon's permit applications, are still pending.  Osborne and Sammon do not dispute that their modifications are not in compliance with environmental regulations.

## ANALYSIS

Plaintiffs allege that the County selectively enforced environmental regulations against them in retaliation for their opposition to the Anderson development and seek injunctive relief, as well as compensatory and punitive damages.

## I.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate in the absence of any genuine issue of material fact, and when the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A court considering a motion for summary judgment must view all of the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The non-moving party may not rest on

mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. *See*, *e.g.*, *Anderson*, 477 U.S. at 256; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995); *Ring v. Sears, Roebuck & Co.*, 250 F. Supp. 2d 1130, 1138 (D. Minn. 2003).

## II.   FIRST AMENDMENT RETALIATION

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002)).   Under the third prong of a retaliation claim, the plaintiff needs to present evidence of a causal connection between the constitutionally protected activity and the adverse action.   *Id.* The causal connection is generally a jury question, but it can provide a basis for summary judgment when the "question is so free from doubt as to justify taking it from the jury." *Id.* (quoting *Ricketts v. Columbia*, 36 F.3d 775, 779 (8th Cir. 1994)).

Here, the plaintiffs have set forth allegations regarding the first and second elements of a First Amendment retaliation claim.   Osborne and Sammon engaged in protected activity by voicing their concerns about the developer's project and by criticizing the County's response.   Selective enforcement of environmental regulations could certainly constitute an adverse action in the context of a First Amendment

retaliation claim.  Plaintiffs' claim fails, however, on the third element.  Osborne and Sammon have not presented evidence showing a causal connection between their speech and the enforcement action.  Rather, the uncontroverted evidence shows that defendants had a policy of commencing investigation and enforcement activities only upon receipt of a formal complaint, plaintiffs were the subjects of formal complaints, and the investigation of plaintiffs did not commence until after the complaints were filed.  Moreover, defendants presented evidence, which plaintiffs do not dispute, that this policy has been similarly applied to other homeowners in Rice County who did not engage in protected activity.

The Court notes that this kind of investigation and enforcement policy may be vulnerable to abuse.  Indeed, based on plaintiffs' allegations, it could be inferred that the developer filed complaints against plaintiffs in retaliation for their speech against his proposed development.[2]  Even assuming this were the case, however, there is no allegation that there was any sort of conspiracy or collusion between the County and the developer.

Because plaintiffs have failed to set forth facts showing a causal connection between their protected First Amendment activity and the County's investigation and enforcement of environmental regulations, they have not established the elements of a

---

[2] Osborne and Sammon apparently argue that the County should not have investigated the complaints against them because the defendants knew that the complaints were filed by the developer, who had reason to dislike plaintiffs.  (*See* Pl. Reply Mem. Summ. J., 5.)  Although the Court shares plaintiffs' concerns that the County's policy may be vulnerable to abuse, the Court is also concerned about the potential effect of immunizing individuals from compliance with environmental regulations simply because they have engaged in protected activity.

First Amendment retaliation claim.[3]  Accordingly, the Court grants defendants' motion for summary judgment and denies plaintiff's motion for summary judgment.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [Docket No. 13] is **GRANTED** and that plaintiffs' Motion for Summary Judgment  [Docket No. 32] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:   March 15, 2006                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge

---

[3] Plaintiffs also asserted a claim for vicarious liability.  Because the Court has determined that the plaintiffs' retaliation claim fails as a matter of law, it will not address the vicarious liability claim.